IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RICHARD ALLEN, No. 06272-030** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 11-cv-161-JPG |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| **FEDERAL BUREAU OF PRISONS,** ) | |
| **HARRELL WATTS, MICHAEL** ) | |
| **NALLEY, and LISA J. W.** ) | |
| **HOLLINGSWORTH,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Richard Allen, an inmate in the United States Penitentiary in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this action.

**The Complaint**

Plaintiff was charged with misconduct on November 14, 2009, after a dispute with a prison staff member in the prison dining room. Plaintiff was on his job assignment wiping tables. He allegedly tore some strings off a rag and threw them on the floor (Doc. 1-1, p. 5). He was told to pick up his mess. After initially telling the staff member he would clean up after himself, Plaintiff later told the staff member he decided not to pick up the strings or wipe the tables.

Plaintiff was charged with the infractions of 306-Refusing to Work, and 311-Failing to Perform Work as Instructed, under Bureau of Prisons (BOP) regulations. A disciplinary hearing was held on November 16, 2009 (Doc. 1-1, p. 4). Plaintiff submitted a written statement in his defense, which he has reproduced and attached as Exhibit F to his complaint (Doc. 1-1, p. 7-9). The hearing committee determined that Plaintiff had not violated sections 306 and 311, and released him from detention. However, on the basis of Plaintiff's written statement, the committee found he had violated a different section, 307-Refusing an Order (Doc. 1-1, p. 10). As punishment, Plaintiff was given fifteen days commissary restriction.

Plaintiff claims that his right to due process was violated when the hearing committee found him guilty of an infraction with which he was never charged. He asserts he was never given a hearing on the charge of 307-Refusing an Order.

Plaintiff also mentions a denial of transfer relating to Complaint No. 11-1246 filed in the United States Court of Appeals, Seventh Circuit. A review of the appellate court docket sheet and documents filed there shows that prior to filing the instant case, Plaintiff sought to have the Seventh Circuit review the same disciplinary action he complains of here.[1] *Allen v. United States*, No. 11-1246 (7th Cir. filed Jan. 28, 2011). The appellate court dismissed Plaintiff's case on February 16, 2011, for lack of jurisdiction, and denied Plaintiff's alternative request to transfer his case to the proper court (Doc. 8 in *Allen v. United States*, No. 11-1246 (7th Cir.)).

**Discussion**

Prison disciplinary hearings satisfy procedural due process requirements where an inmate

---

[1] The Court has consulted the Public Access to Court Electronic Records ("PACER") website (www.pacer.gov). *See Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Plaintiff was given advance notice of the charges against him (306-Refusing to Work, and 311-Failing to Perform Work as Instructed) as required by *Wolff*. In response, Plaintiff prepared a written statement which he submitted to the Unit Disciplinary Committee ("UDC") before the hearing (*See* Exhibit F, Doc. 1-1, p.7-9). In his statement, Plaintiff argued that if he were to testify in answer to one charge, he would likely incriminate himself as to the other charge. He then went on to state:

> (4) The allegation although not charged as such–seems to be more attuned to a personal affront against action or inaction such as-Disobeying an Order-. Notice Description of Incident: "I approched [sic] Inmate Allen and told him to be sure and pick up the mess he made on the floor." An alleged mess I made in another work area does not relate to my work duties. It relates to duties of inmate(s) assigned to that area.

(Doc. 1-1, p. 8). Plaintiff explains that he cleans up after other inmates who leave a mess in his section, so likewise, if he left a mess in another inmate's section it was the responsibility of the inmate assigned to that section to clean it up.

It appears that the UDC agreed with Plaintiff that he did not commit the infractions originally charged (306 and 311), and that the more appropriate charge was 307-Refusing an Order. The disciplinary committee's report states: "Based on the statement provided by the inmate, UDC finding guilty of 307" (Doc. 1-1, p. 10). Whether or not Plaintiff intended this outcome, his written statement in effect admitted guilt to Refusing (Disobeying) an Order, and the UDC appears to have accepted Plaintiff's statement as an admission in arriving at its decision. This meets the requirement that the decision be supported by "some evidence." *Black*, 22 F.3d at 1402.

Plaintiff's case presents the question of whether the UDC failed to comply with the due process requirements outlined in *Wolff*, when he was not given advance notice that the committee could consider finding him guilty of the infraction of 307-Refusing an Order. The Seventh Circuit, construing *Wolff*, has stated that the required notice "should inform the inmate of the rule allegedly violated and summarize the facts underlying the charge." *Whitford v. Boglino,* 63 F.3d 527, 534 (7th Cir. 1995). The purpose of the advance notice requirement is to permit the accused inmate to gather the relevant facts in order to prepare his defense to the charge. *Wolff,* 418 U.S. at 564; *Whitford,* 63 F.3d at 534. Where the advance notice has sufficiently identified the facts underlying the charge so as to give the inmate all the information he would need to defend himself, due process requirements have been satisfied. *See Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003); *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999). In *Northern*, the inmate was charged with conspiracy and bribery for his involvement in a tobacco smuggling operation with two other inmates and a guard. After he appealed the hearing board's finding of guilt, the reviewing authority upheld his punishment, but modified the charge to attempted

trafficking. The Seventh Circuit rejected the inmate's argument that his due process rights were violated by the failure to give him advance notice that he might be charged with trafficking, finding that the notice and investigation report gave him all the information he would need to defend against a trafficking charge. *Northern*, 326 F.3d at 911.

Like the inmate in *Northern*, Plaintiff here had full notice of the factual basis that resulted in his disciplinary charges, including the date, place, and time of the alleged infraction, the conduct involved, the reporting staff member's identity and the incident report. Plaintiff was given advance written notice that he had been charged with two violations, 306-Refusing to Work, and 311-Failing to Perform Work as Instructed, which arguably overlapped with the violation of which he was ultimately convicted, 307-Refusing an Order. Both the original charges and the modified charge are based on the same set of facts. And, because it was Plaintiff himself who introduced the idea that the more appropriate charge would have been "Disobeying an Order," he could not have been surprised by the possibility that the UDC might consider that charge as an alternative to the originally charged violations. There is no indication that Plaintiff was in any way prejudiced or deprived of the ability to marshal his defense by the failure to include the possible charge of 307-Refusing an Order in his written notice. Accordingly, given the facts of this case, there was no violation of Plaintiff's due process rights, and it was not necessary to hold a separate hearing on the charge of 307-Refusing an Order.

Plaintiff does not state a constitutional claim on which relief may be granted, and this case shall be dismissed.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which

relief may be granted, thus this case is **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

DATED:   November 16, 2011

                                              *s/J. Phil Gilbert*
                                            **United States District Judge**